NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 06a0279n.06
Filed: April 26, 2006

No. 05-1552

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOSEPH and ALICE PAULEY | ) | MICHIGAN |
| MORRISON, | ) | |
| | ) | |
| Defendants-Appellants | ) | |
| | ) | |
| | ) | |

BEFORE:    DAUGHTREY AND GILMAN, Circuit Judges; RUSSELL, District Judge[*]

RUSSELL, District Judge.   Defendants-Appellants Joseph and Alice Pauley Morrison ("Morrisons") appeal the decision of the Eastern District of Michigan in upholding the recommendation by the Magistrate Judge that the Plaintiff-Appellee United States of America ("Government") had territorial jurisdiction over the Morrisons' property located on Harsens Island, Michigan.

## BACKGROUND

In its complaint, the Government asserts that in June of 1994, the Morrisons either

_____

[*]Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

"performed or caused to be performed" actions within U.S. waters by either "trenching, grading or filling wetlands" on their property located at 3010 Green Drive, Harsens Island, Michigan. Specifically, the Government alleges that the Morrisons conducted an illegal fill in the wetlands by depositing and grading fill material into that area, and by digging, repairing and then re-burying a broken water line located in that area. The United States Army Corps of Engineers determined that the land in question qualified as a "wetland" as defined by the Clean Water Act.

The wetlands in question are adjacent to the St. Clair River. The Morrisons do not dispute that fact in this appeal. In its complaint, the Government also claims that the wetlands are considered part of the United States for purposes of 33 U.S.C. §1344 of the Clean Water Act. The Morrisons dispute that fact in this appeal, claiming the land does not fall under US jurisdiction for purposes of the Clean Water Act.

The land in question involves territory that was disputed in the past between the United States and British Canada. In 1828, following an agreement on a border between the United States and British Canada, the American Land Board recognized the claim of Jacob Harsens ("Harsens") to the upper part of the island ("surveyed land"), providing him with patents that he accepted at that time. In 1837, Michigan became a state of the union. Thirteen years later in 1850, the U.S. Congress passed the Swamp Land Act, which granted certain states title to all swamp lands within their borders; Michigan was one of the states included by Congress in that Act. In 1910, the Supreme Court of Michigan determined that the "unsurveyed land," or lower part of Harsens Island, belonged to the state of Michigan as set forth by the Swamp Land Act.

## STANDARD OF REVIEW

The Court reviews the district court's grant of summary judgment *de novo*, using the same standards applicable to the district court. *City Management Corp. v. U.S. Chem. Co.*, 43 F.3d

244, 250 (6th Cir.1994).  Summary judgment is proper if the evidence submitted shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  This Court must view the entire record in the light most favorable to the non-moving party. *Smith v. Chrysler Corp.*, 155 F. 3d 799, 804 (6th Cir. 1998).  On appeal, the Court will not generally consider new arguments that were not presented to the district court unless such failure to consider the issue will result in a miscarriage of justice. *Roush v. KFC Nat'l Management Co.*, 10 F.3d 392, 397 (6th Cir. 1993).

## ANALYSIS

In 1828, when Harsens received his patents from the federal government for the land, the federal government held title to the surveyed wetlands.  The fact that the patents provided to Harsens came from the United States demonstrates that the United States had made its claim to the island.  Today, all of the island is part of the territorial jurisdiction of the United States as it has been a part of the state of Michigan since 1837, when Michigan joined the union.  As such, the United States has territorial jurisdiction under the Clean Water Act over the surveyed lands because these wetlands belong to the United States.

The title for the unsurveyed wetlands belongs to the state of Michigan.  The state of Michigan is a part of the territorial jurisdiction of the United States for purposes of the Clean Water Act.  Consequently, title to the unsurveyed wetlands in question belongs to the state of Michigan, and Michigan falls within the territorial jurisdiction of the United States for purposes of enforcing the Clean Water Act.

The United States Supreme Court has held that there must be a "significant nexus" between a wetland and navigable waters in order for the Clean Water Act to apply. *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159, 167 & 173 (2001)

("*SWANCC*"). The Court in *SWANCC* stated that "Congress' concern for the protection of water quality and aquatic ecosystems indicated its intent to regulate wetlands 'inseparably bound up with the 'waters' of the United States.'" *SWANCC* at 167; *quoting United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 134 (1985) ("*Riverside*"). The Court held that there must be a "significant nexus" between the wetlands and navigable waters in order for the United States to have jurisdiction over the wetlands in question. *SWANCC* at 167. A significant nexus between a wetland and a body of water occurs when a wetland is adjacent to a navigable body of water. *Id.*; *Riverside* at 133-135. The Clean Water Act, under 33 U.S.C. §1362 (7) & (8) defines "navigable waters" as "the waters of the United States." In *Riverside*, the United States Supreme Court specifically mentioned wetlands that are adjacent to a river as falling within the coverage of the Clean Water Act. *Id.* at 134.

In the instant matter, regardless of whether or not the property of the Morrisons is a part of the unsurveyed or surveyed wetlands, both wetlands are adjacent to the St. Clair River. Under the definition of a navigable body of water as defined by the Clean Water Act and noted by the Supreme Court in *Riverside*, the St. Clair River is a navigable body of water within the United States. Accordingly, a significant nexus exists between the wetlands and the St. Clair River. Therefore, the United States has territorial jurisdiction over the Morrisons' property for purposes of enforcing the Clean Water Act.

## CONCLUSION

The District Court did not err when it adopted the report and recommendation of the Magistrate Judge in determining the matter of territorial jurisdiction. Therefore, we **AFFIRM** the order of the District Court adopting the report and recommendation of the Magistrate Judge, and hold that the Government has territorial jurisdiction over the Morrisons' property.